IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AMANDA NORTHRUP and ) | |
| PATRICK DUNN, ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 15-00258-N |
| ) | |
| PHOENIX WEST II, LLC, ) | |
| PHOENIX WEST II OWNERS ) | |
| ASSOCIATION, INC., and ) | |
| BRETT/ROBINSON GULF ) | |
| CORPORATION, ) | |
|     Defendants. ) | |

### ORDER

The Plaintiffs have filed an amended complaint (Doc. 33) against all Defendants. The amended pleading, filed and served July 30, 2015, is timely and properly filed without leave of court under Federal Rule of Civil Procedure 15(a)(1)(B) (permitting plaintiffs to amend their complaint "once as a matter of course within … 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier").[1]

"As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.' " *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (per curiam) (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation and quotation omitted)). *See also, e.g., Fritz v.*

---

[1] Defendants Phoenix West II, LLC and Brett/Robinson Gulf Corporation filed and served Rule 12(b) motions on July 9, 2015. (Docs. 11, 12). Defendant Phoenix West Owners Association, Inc. filed a Rule 12(b) motion on July 23, 2015. (Doc. 21).

*Standard Sec. Life Ins. Co. of New York*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint."). Thus, it is **ORDERED** that the Defendants' motions to dismiss the initial complaint (Docs. 11, 12, 21) are **MOOT**.[2]

    **DONE** and **ORDERED** this the 31st day of July 2015.

                                      */s/ Katherine P. Nelson*
                                      **KATHERINE P. NELSON**
                                      **UNITED STATES MAGISTRATE JUDGE**

---

[2] This case has been randomly assigned to the undersigned United States Magistrate Judge for all purposes, including trial. (*See* Docs. 5, 20). Inasmuch as no party, to date, has returned to the Clerk of Court a Request for Reassignment to a United States District Judge (*see* Doc. 5 ("The parties have the right to have this action reassigned to a United States District Judge for trial and disposition. Any party may request reassignment by emailing the attached Request for Reassignment to a United States District Judge to sandra_rey@alsd.uscourts.gov. **Do not electronically file the document.**")), there presently exists implicit consent to the undersigned conducting all proceedings in this case. *See Roell v. Withrow*, 538 U.S. 580, 123 S. Ct. 1696, 1703, 155 L. Ed. 2d 775 (2003) ("We think the better rule is to accept implied consent where, as here, the litigant or counsel was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case before the Magistrate Judge. Inferring consent in these circumstances thus checks the risk of gamesmanship by depriving parties of the luxury of waiting for the outcome before denying the magistrate judge's authority. Judicial efficiency is served; the Article III right is substantially honored.").